# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

ANNETTE CROSS,                    )
                                  )
    Petitioner,       )
                                  )    Case No. 15-3158-CV-S-BP-P
    vs.               )
                                  )
ALANA BOYLES,                     )
                                  )
    Respondent.       )

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING THE ISSUANCE OF A CERTIFICATE OF APPEALABILITY

Petitioner, a convicted state prisoner currently confined at the Chillicothe Correctional Center in Chillicothe, Missouri, has filed *pro se* this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges her 2012 convictions and sentences for second-degree murder, second-degree arson, and armed criminal action, which were entered pursuant to a plea of guilty in the Circuit Court of Howell County, Missouri. Petitioner's motion for post-conviction relief filed pursuant to Mo. Sup. Ct. R. 24.035 was denied following an evidentiary hearing (Doc. No. 7-2, pp. 51-54), and that denial was affirmed on appeal therefrom (Doc. No. 7-2).

Petitioner raises one ground for relief, wherein she argues that she was threatened into pleading guilty by inmates at the Howell County Jail and Women's Eastern Reception, Diagnostic and Correctional Center (WERDCC). Doc. No. 1, p. 5. Respondent argues that Petitioner's ground for relief is without merit. Doc. No. 7, p. 3. Although this Court's May 19, 2015, Order directed Petitioner to file a reply to Respondent's response on or before June 19, 2015, Petitioner has not filed a reply as of the date of this Order.

## FACTUAL BACKGROUND

In affirming the denial of Petitioner's Rule 24.035 post-conviction motion, the Missouri Court of Appeals, Southern District, set forth the following facts:

On November 24, 2009, Cross was charged by information with the class A felony of murder in the first degree (Count I), the class A felony of arson in the first degree (Count II), and armed criminal action (Count III). It was alleged that Cross had conspired with her brother, mother, and a friend to murder A.D., the father of two of Cross's children.

On March 2, 2012, Cross signed a "Petition to Enter Plea of Guilty," pursuant to an agreement with the State. In that document, Cross stated, *inter alia*, that: (1) in exchange for the State's sentencing recommendations of 25 years each for second-degree murder and armed criminal action, to run consecutively, and 7 years for second-degree arson, Cross would plead guilty to those charges; (2) she had read the information and discussed the charges with her attorney; (3) counsel had explained the nature of the charges; (4) Cross understood the charges; (5) counsel advised Cross of all lesser-included offenses and all possible defenses; (6) she was satisfied with her legal representation; (7) she admitted that she "committed the crimes of murder 2nd, ACA and arson 2nd"; (8) she was pleading guilty because she was guilty; and (9) her guilty pleas were made freely and voluntarily and with a full understanding of all the matters in the information. In addition, Cross stated that, "Neither I, nor any of my friends or loved ones, has been mistreated, threatened, coerced, or forced in any manner by anyone to get me to plead guilty . . . ."

At the plea hearing on the same date, Cross admitted to the plea court that she understood and agreed to the admissions contained in her plea agreement; specifically, she was pleading guilty to all three charges of her own free will, no one had forced her to plead guilty, she did not need any more time to think about her pleas or confer with counsel, and was waiving her right to a sentencing report.

The State recited substantial evidence against Cross that would be used by the State should the matter go to trial, which Cross testified was substantially true and correct. After the plea court concluded its examination, Cross again confirmed she wished to plead guilty to all three charges, and that she was competent and capable of making the decision to plead guilty. The plea court accepted Cross's pleas after finding there was sufficient factual bases for the pleas, and that the pleas had been voluntarily, freely, and intelligently made. Cross was then sentenced to 25 years for Counts I and II, to run consecutively, and seven years for Count III, to run concurrently with Counts I and II and with the sentence she was serving on an unrelated matter.

On January 8, 2013, appointed counsel filed on behalf of Cross an "Amended Motion Under 24.035 to Vacate, Set aside or Correct Judgment and Sentence and Request for Evidentiary Hearing." In her amended motion, Cross contended her guilty pleas were not made voluntarily because Cross had been threatened by inmates in the Howell County jail—who had known A.D.—that if she did not plead guilty to his murder, they would have Cross and her family killed.

An evidentiary hearing was held on June 6, 2013. Cross testified she was threatened "pretty much on a daily basis the whole time I was there in Howell County" that if she did not plead guilty, the inmates would have her, her children, and other family members killed. A fourth inmate also threatened Cross while

Case 6:15-cv-03158-BP   Document 9   Filed 07/07/15   Page 2 of 6

brandishing a razor. Cross testified she verbally told the jail administrator and jailer of the threats, and also wrote two handwritten letters to the jail administrator.

Cross conceded she did not tell the plea court about the threats at the time of her plea hearing, and that the two letters she wrote to the jail administrator did not specifically state she was being threatened in an effort to coerce her into pleading guilty. Cross admitted the letters were written in January 2010, and at the time of her plea hearing on March 2, 2012, she was still incarcerated at the correctional facility in Chillicothe where she had been since 2011. Cross further testified that when she was returned to the Howell County jail in February 2012, to attend her March 2 plea hearing, she was threatened again by one of the inmates who was still there.

Cross testified she never mentioned anything about the threats to either of her defense attorneys, and was only coming forward now because she was not afraid anymore. She admitted she filed her *pro se* "Motion to Vacate, Set Aside or Correct the Judgment or Sentence" on August 27, 2012, because she was within the 180-day time limit of her plea.

The Howell County jailer testified he did not recall Cross complaining to him about any threats or harassment from the other inmates, and never witnessed or heard any threats.

The Howell County jail administrator testified Cross verbally complained to him five or six times about threats and harassment from the other inmates, and also wrote him two letters. However, he indicated that Cross never disclosed to him, either verbally or in writing, that the threats were aimed at coercing her into pleading guilty. He further indicated one or two of the inmates, who had allegedly threatened Cross, had left the Howell County jail during Cross's time there.

On October 1, 2013, the motion court entered its "Findings of Fact, Conclusions of Law and Judgment." The motion court found that Cross's pleas of guilty were voluntary, that it had an opportunity to observe Cross at both the plea hearing and the motion hearing, and Cross's claims were "not credible that she was induced or influenced to plead guilty because of threats made by jail inmates."

Doc. No. 7-6, pp. 2-5 (footnotes omitted).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. *Marshall v. Lonberger*, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. *Graham v. Solem*, 728 F.2d 1533, 1540 (8th Cir. en banc), *cert. denied*, 469 U.S. 842 (1984). It is Petitioner's burden to establish

3

by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254(e)(1).[1]

Because the state court's findings of fact have fair support in the record and because Petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

## GROUND ONE

In her sole ground for relief, Petitioner argues that she was threatened into pleading guilty by inmates at the Howell County Jail and WERDCC. Doc. No. 1, p. 5. The Missouri Court of Appeals, Southern District, denied Ground One as follows:

> In its findings of fact and conclusions of law, the motion court found Cross's testimony not credible:
>
>> [Cross]'s pleas of guilty were voluntary[.] [Cross] testified at the plea hearing that she was entering into her pleas of her own free will, and that nobody was forcing her to plead guilty. At the post-conviction hearing, [Cross] conceded that she had told the judge at the time of plea that no one threatened her[.] [Cross] admitted that the two written complaints she had made at the Howell County Jail were likely made in January of 2010, and that those written complaints were general complaints not specifically identifying any threats "about you pleading guilty." During cross-examination, [Cross] agreed that she had also stated in writing in her plea petitions that: she was entering into her pleas of her "own free will;" and no one was "forcing or making" her do this[.]
>
>> This court had the opportunity to observe [Cross] testify both at her plea hearing and at the present hearing, and the court finds her claims not credible that she was induced or influenced to plead guilty because of threats made by jail inmates.
>
> In support of her argument that the motion court's findings were erroneous, Cross points to her own testimony that her pleas were involuntary and evidence she suggests corroborates that testimony. However, our standard of review requires that we disregard evidence and inferences contrary to the motion court judgment. *Smith*, 443 S.W.3d at 733.

---

[1] In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

Cross further suggests that the motion court's findings were clearly erroneous because there was not "one shred of evidence to suggest that [her] testimony was false[,]" and her testimony was corroborated by other witnesses and evidence. These arguments are misguided. "Determinations concerning credibility are exclusively for the motion court and it is free to believe or disbelieve any evidence, whether contradicted or undisputed." *Flenoy v. State*, 446 S.W.3d 297, 303 (Mo. App. W.D. 2014) (internal quotation and citation omitted) (emphasis added). It is analytically futile to argue that a motion court should have found a witness credible when it did not—the motion court makes credibility determinations, not the appellate court.

Having reviewed the entire record, we are not left with a definite and firm impression that a mistake has been made. The judgment of the motion court was not clearly erroneous—the judgment of the motion court is affirmed.

Doc. No. 7-16, pp. 6-7.

Petitioner's representations at the guilty plea hearing carry a strong degree of verity and pose "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73 (1977). "[A] determination of a factual issue made by a State court shall be presumed to be correct," and Petitioner "shall have the burden of rebutting the presumption by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The statutory presumption "is particularly proper [in cases involving the voluntariness of a guilty plea] in light of the state trial court's ability to judge the defendant's credibility and demeanor at the plea hearing and the fact that '[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea.'" *Weeks v. Bowersox*, 119 F.3d 1342, 1352 (8th Cir. 1997) (quoting *Blackledge*, 431 U.S. at 71).

Petitioner has failed to proffer clear and convincing evidence that her guilty plea was not voluntary, knowing, and intelligent. *See Hunter v. Bowersox*, 172 F.3d 1016, 1022 (8th Cir. 1999), *cert. denied*, 528 U.S. 1140 (2000). As the state appellate court explained, the motion court found that Petitioner's testimony was not credible. Doc. No. 7-2, pp. 53-54. Credibility determinations are left for the state court to decide. *Graham*, 728 F.2d at 1540. Moreover, Petitioner testified at her plea hearing that she was entering her pleas of her own free will and that no one was forcing or making her plead guilty. Doc. No. 7-2, p. 66.

5

Because the state courts' determinations did not result in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or in "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *see* 28 U.S.C. §2254(d)(1) and (2), Ground One will be denied.

## CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c), the Court may issue a certificate of appealability only "where a petitioner has made a substantial showing of the denial of a constitutional right." To satisfy this standard, a petitioner must show that a "reasonable jurist" would find the district court ruling on the constitutional claim(s) "debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 276 (2004). Because Petitioner has not met this standard, a certificate of appealability will be denied. *See* 28 U.S.C. § 2254, Rule 11(a).

Accordingly, it is **ORDERED** that:

(1) the petition for writ of habeas corpus is denied; and

(2) this case is dismissed with prejudice.

/s/ Beth Phillips_____
BETH PHILLIPS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated: July 7, 2015.                    .